1  Frank E. Melton (SBN 94134)
   Frank.Melton@jacksonlewis.com
2  Heidy A. Flores (SBN 298926)
   Heidy.Flores@jacksonlewis.com
3  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
5  Facsimile:  (213) 689-0430

6  Attorneys for Defendant
   AFFINITIV, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  AL MERIA ROBERTS, an individual,    CASE NO.:

12               Plaintiff,             **DEFENDANT'S NOTICE OF
                                        REMOVAL OF ACTION TO FEDERAL**
13        vs.                           **COURT**

14  AFFINITIV, INC., a Delaware         [Filed Concurrently with Declarations of
    Corporation; and DOES 1 to 25 inclusive,  Frank E. Melton and Nathan Jaye; Civil
15                                      Case Cover Sheet; Notice of Interested
                 Defendants.           Parties; and Corporate Disclosure
16                                      Statement]

17

18                                      Complaint Filed:   December 10, 2020

19

20

21  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

22  **CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AL MERIA ROBERTS,**

23  **AND HER COUNSEL OF RECORD:**

24        PLEASE TAKE NOTICE that Defendant AFFINITIV, INC. ("Defendant" or

25  "Affinitiv") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§

26  1332, 1441(a), and 1441(b) to remove this action from the Superior Court of the State of

27  California for the County of Los Angeles based on diversity jurisdiction.   In support

28  thereof, Affinitiv avers the following:

## DIVERSITY JURISDICTION

1.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PLEADINGS AND PROCESS

2.      On December 10, 2020, Plaintiff Al Meria Roberts ("Plaintiff") filed a Complaint in Los Angeles County Superior Court, bearing Case No. 20STCV47289, alleging the following claims against Affinitiv: (1) Disability Discrimination; (2) Disability Harassment; (3) Failure to Accommodate Disability; (4) Failure to Engage in the Interactive Process; (5) Failure to Prevent, Correct, or Remedy Discrimination and Harassment; (6) Retaliation for Complaints of Discrimination and Harassment; (7) Wrongful Termination; (8) Violation of Labor Code §1198.5; and (9) Violation of Labor Code §226.  True and correct copies of the Summons, Complaint, Notice of Case Assignment, and other initial case documents are attached as Exhibit A to the Declaration of Frank E. Melton ("Melton Declaration"), filed concurrently herewith.

3.      On December 15, 2020, Plaintiff served the Summons and Complaint on Affinitiv in the above-entitled action.

4.      Affinitiv filed its Answer in the state court action on January 13, 2021. A true and correct copy of this Answer is attached to the Melton Declaration as Exhibit C.

5.      As of the date of filing this Notice of Removal, Exhibits A, B and C constitute all of the filings in State Court in this matter.

## TIMELINESS OF REMOVAL

6.      This Notice of Removal has been filed within thirty (30) days after Affinitiv was served with a copy of Plaintiff's Summons and Complaint upon which this action is based.  *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means); *see also Luchetti v. Hershey Co.*,

2008 U.S. Dist. LEXIS 53556 at *10 (N.D. Cal., June 4, 2008) (explaining that the execution of the notice and acknowledgment form triggers the 30-day period to file removal). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

7.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel as well as filed with the Clerk and the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## VENUE

8.    Venue of this action is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441 *et seq*. and 1391(a) through (b) based on Plaintiff's allegations in the Complaint, which assert that this is the judicial district of this Court in which the action allegedly arose, where Plaintiff resides, and where Plaintiff alleges that a substantial part of the events or omissions giving rise to the Complaint occurred.

## DIVERSITY OF CITIZENSHIP

9.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

### Plaintiff Al Meria Roberts

10.    Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

11.    For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. *State*

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008). Furthermore, a person's intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.* (C.D. Cal. June 12, 2017, No. CV 17-02871-BRO (SSx)) 2017 U.S.Dist.LEXIS 90131, at *10) ("Plaintiff's residence and employment in California are sufficient evidence of her intent to remain in California").

12.    Plaintiff is, and at all times relevant to this action was, a citizen and resident of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Complaint, p. 4, ¶ 1, attached as Exhibit A to the Melton Declaration.

## Defendant Affinitiv, Inc.

13.    Pursuant to 28 U.S.C. section 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

14.    Here, Affinitiv is a corporation duly created and organized under the laws of the State of Delaware, with its headquarters and principal place of business in Chicago, Illinois. Declaration of Nathan Jaye ("Jaye Decl.)," ¶ 4, filed concurrently herewith.

15.    Affinitiv's corporate officers are based in Illinois, Texas, Georgia, Michigan and Florida. The Chicago headquarters of the Defendant is the "nerve center" from which the corporation's business activities are directed, controlled and coordinated. The corporate officers for these entities do not engage in primary, fundamental operations in

California.  *Id.; Hertz Corp.,* 559 U.S. at 80.

16.   Since Affinitiv is incorporated in Delaware and has its principal place of business in Chicago, Illinois, no defendant is a citizen of the State of California under either provision of 28 U.S.C. section 1332(c)(1).  As a result, complete diversity exists between Plaintiff and Affinitiv.

## AMOUNT IN CONTROVERSY

17.   Although the Complaint does not allege specific damages sought as to any claim, removal is proper if, from the allegations of the Complaint and Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (9th Cir 1999).

18.   "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 89 (2014). Legal certainty of the amount in controversy is not required.  *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.,* 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal… must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.").

19.   To meet this relatively low burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations.").  *See also Rippee v. Bos. Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (the amount in controversy "can thus be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

20.   In determining whether the jurisdictional minimum is met, courts consider all

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

recoverable damages, including statutory penalties, attorneys' fees, and punitive damages. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("[W]here both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount.")

21.    Here, although Affinitiv denies any and all liability to Plaintiff, it is clear that the amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs, for the reasons below.

### Economic and Non-Economic Damages

22.    Plaintiff brings claims for disability discrimination, disability harassment, failure to accommodate, failure to engage in the interactive process, failure to prevent discrimination and harassment, retaliation, wrongful termination and violations of California Labor Code §§ 1198.5 and 226. Plaintiff alleges that as a result of Affinitiv's actions, she sustained loss of past and future earnings, loss of employment benefits and opportunities for which Plaintiff is entitled to compensatory damages. *See, e.g.,* Complaint, at ¶¶ 63-64, attached as Exhibit A to the Melton Declaration.

23.    In 2017, Affinitiv paid Plaintiff at an hourly rate of $18.40 per hour, and Plaintiff had a gross income for the year totaling $45,291.72 for her work with Affinitiv. In 2018, Plaintiff's total gross income for work with Affinitiv was $41,911.09, even though she only worked during the first eight months of the year because Plaintiff began a leave of absence in August 2018 that extended into 2019. Declaration of Nathan Jaye ("Jaye Decl.)," ¶ 5, filed concurrently herewith. Accordingly, during an approximately 20-month period in 2017 and 2018, Plaintiff's compensation for work at Affinitiv was in the gross amount of $87,202.81. *Id.*, ¶ 5, filed concurrently herewith.

24.    Plaintiff alleges that Defendant wrongfully terminated her employment in or about April 2019. *See* Complaint at ¶¶ 35-36, attached as Exhibit A to the Melton Declaration. Plaintiff further alleges that she is entitled to recover in this action

compensatory damages for her "loss of past and future earnings, and employment benefits and opportunities." *See, e.g.,* Complaint at ¶ 43, attached as Exhibit A to the Melton Declaration.

25.     If the Court assumes a verdict for Plaintiff on any of her claims relating to the alleged termination of her employment, the compensatory damages for lost and future wages and benefits alone could reasonably be well in excess of $75,000 based upon Plaintiff's historic pay data in the two years before her alleged termination in or about April 2019. *See Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (court is to assume a verdict for plaintiff on all asserted claims made in the complaint for purposes of calculating the amount in controversy); *see also* Judicial Council of California Civil Jury Instructions (2020) No. VF-2506A (explaining that plaintiff who prevails on a claim for harassment is entitled to recover economic and non-economic losses).

26.     Additionally, Plaintiff also claims in several causes of action that as a result of Affinitiv's alleged actions she sustained "substantial humiliation, serious mental anguish, [and] emotional and physical distress." *See, e.g.,* Complaint at ¶ 43, attached as Exhibit A to the Melton Declaration.  Plaintiff's potential recovery of economic and non-economic emotional distress damages on her claims could reasonably exceed $75,000.

### The Prayer for Attorneys' Fees

27.     In calculating the amount in controversy, a court may also consider attorneys' fees if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees are to be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees are recoverable by the prevailing party in a FEHA action. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing Cal. Gov. Code, § 12965). Furthermore, such fees are calculable beyond the time of removal.  *Simmons*, 209 F.Supp.2d at 1035.

28.     Attorneys' fees awards in employment matters often exceed $75,000.  *See,*

*e.g., Wysinger v. Auto. Club of S. Cal.,* 157 Cal. App. 4th 413, 430-31 (2007) (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial).

29.    At a modest rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in just 300 hours.  *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorneys' fees using rate of $250 per hour).

30.    In addition, Defendant's attorney, Frank E. Melton, has represented employers in employment litigation for more than 39 years in California, and is familiar with fees requested by plaintiffs' counsel in similar actions filed in California state and federal court.  *See* Melton Declaration, ¶¶ 7-8.  Based on Mr. Melton's experience, Plaintiff's counsel's experience, and Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff's attorneys would seek an hourly rate well in excess of $250 per hour, and that the total of Plaintiff's attorneys' fees in this action would exceed the sum of $100,000 through trial.  *See* Melton Declaration, ¶¶ 8-9.

### The Prayer for Punitive Damages

31.    In connection with several of the causes of action she asserted, Plaintiff alleges Affinitiv's actions were intentional, malicious, wanton, oppressive, and fraudulent such that she is entitled to punitive damages in an amount sufficient to punish Affinitiv.  *See, e.g.,* Complaint at ¶ 44, attached as Exhibit A to the Melton Declaration.  Courts have held that punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Ben. Health & Acc. Ass'n* 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co*. 871 F. Supp. 332, 334 (S.D. Iowa 1994).  In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish and punitive damages, all of which Plaintiff alleges here.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages

'might alone' exceed the jurisdictional minimum." *Aucina*, 871 F. Supp. at 334.

**Summary of Amount Placed in Controversy**

32.    Accordingly, under a plausible and reasonable reading of the allegations in the Complaint, the potential combined damages recoverable by Plaintiff for economic and non-economic damages, punitive damages and attorneys' fees far exceed the jurisdictional minimum.  Federal jurisdiction is proper.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California, in and for the County of Los Angeles, be removed therefrom to this Court.

Dated:  January 14, 2021                    JACKSON LEWIS P.C.


                                     By:    */s/Frank E. Melton*
                                            Frank E. Melton
                                            Heidy A. Flores

                                            Attorneys for Defendant
                                            AFFINATIV, INC.

4825-6652-8214, v. 1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT