1   Frank E. Melton (SBN 94134)
    Frank.Meltonl@jacksonlewis.com
2   Heidy A. Flores (SBN 298926)
    Heidy.Flores@jacksonlewis.com
3   JACKSON LEWIS P.C.
    725 South Figueroa Street, Suite 2500
4   Los Angeles, California   90017-5408
    Telephone: (213) 689-0404
5   Facsimile: (213) 689-0430

6   Attorneys for Defendant
    AFFINITIV, INC.

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  AL MERIA ROBERTS, an Individual,        Case No.:

12              Plaintiff,                   **DECLARATION OF FRANK E.
                                             MELTON IN SUPPORT OF
13          vs.                              DEFENDANT'S NOTICE OF
                                             REMOVAL**
14  AFFINITIV, INC., a Delaware
    Corporation; and DOES 1 through 25,     [Filed Concurrently with Defendant's
15  Inclusive,                              Notice of Removal; Declaration of Nathan
                                             Jaye; Civil Case Cover Sheet; Notice of
16              Defendants.                  Interested Parties; and Corporate
                                             Disclosure Statement]
17
                                             Complaint filed:  December 10, 2020
18

19

20

21

22

23

24

25

26

27

28

CASE NO:                          DECLARATION OF FRANK E. MELTON IN
                                    SUPORT OF DEFENDANT'S NOTICE OF
                                                           REMOVAL

## DECLARATION OF FRANK E. MELTON

I, Frank E. Melton, being duly sworn, declare and state as follows:

1.    I am one of the attorneys representing Defendant Affinitiv, Inc. ("Defendant" or "Affinitiv").  I have personal knowledge as to the matters set forth herein and, if called to testify in this matter, I could and would competently testify thereto.

2.    On December 10, 2020, Plaintiff Al Meria Roberts ("Plaintiff") filed a Complaint against Defendant in the Los Angeles County Superior Court, bearing Case No. 20STCV47289.  True and correct copies of the Summons, Complaint, Notice of Case Assignment and other initial case documents are attached hereto as **Exhibit A**.

3.    On December 15, 2020, based on documentation sent to me by our client, Plaintiff served the Summons and Complaint on Affinitiv in the above-entitled action.

4.    On January 13, 2021, Affinitiv filed its Answer in the state court action.  A true and correct copy of Affinitiv's Answer is attached hereto as **Exhibit B.**

5.    As of the signing of this declaration, Exhibits A through C constitute all of the filings in state court in this matter.

6.    I am lead counsel for Defendant in this case and have represented employers in employment litigation for over 38 years in California and am familiar with fees requested by plaintiffs' counsel in actions filed in California and federal courts alleging violations of the California Fair Employment and Housing Act and related claims.

7.    Prior to filing Defendant's Notice of Removal, I caused a search to be conducted for Plaintiff's counsel, Rodney Mesriani and Cory Gould on the California State Bar website.  The State Bar website reflects that Mr. Mesriani was admitted to practice law in 1996 and Mr. Gould in 2019.  *See* California State Bar Website http://members.calbar.ca.gov/fal/Licensee/Detail/184875, last visited January 12, 2021; *See also* http://members.calbar.ca.gov/fal/Licensee/Detail/329550, last visited January 12, 2021.

8.    Based on Plaintiff's attorneys' collective experience and Plaintiff's

CASE NO.:                               2          DECLARATION OF FRANK E. MELTON IN
                                                   SUPORT OF DEFENDANT'S NOTICE OF
                                                   REMOVAL

allegations, I believe it would not be unreasonable to expect that Plaintiff's attorneys' fees through trial would exceed the sum of $100,000.

I declare under penalty of perjury and under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of January, 2021 at Los Angeles, California.


                                                    /s/ Frank E. Melton
                                                    FRANK E. MELTON


4833-7655-3686, v. 1

CASE NO.:                           3        DECLARATION OF FRANK E. MELTON IN
                                             SUPORT OF DEFENDANT'S NOTICE OF
                                             REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/10/2020 12:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV47289

| | **SUM-100** |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AFFINITIV, INC., a California Corporation; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AL MERIA ROBERTS, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk - Superior Court of Los Angeles<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>20STCV47289 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cory D. Gould | 510 Arizona Ave., Santa Monica, CA 90401 | 310-826-6300

| DATE: ~~December 7, 2020~~  12/10/2020<br>*(Fecha)* | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court  Deputy<br>*(Secretario)*  D. Williams  *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1.  ☐ as an individual defendant.
2.  ☐ as the person sued under the fictitious name of *(specify):*
3.  ☑ on behalf of *(specify):* Affinitiv, Inc., a California Corporation
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4.  ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412 20, 465<br>www courts ca gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 12/10/2020 12:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV47289

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

1  CORY GOULD (SBN 329550)
   RODNEY MESRIANI (SBN 184875)
2  BRANDON CHANG (SBN 316197)
   MESRIANI LAW GROUP, a PLC
3  510 Arizona Avenue,
   Santa Monica, CA 90401
4  Tel:    (310) 826-6300
   Fax:    (310) 820-1258
5  Attorneys for Plaintiff, *Al Meria Roberts*

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF LOS ANGELES

9  AL MERIA ROBERTS, an Individual;      CASE NO. 20STCV47289

10             Plaintiff,                COMPLAINT FOR:

11       v.
                                         1. **DISABILITY DISCRIMINATION;**
12  AFFINITIV, INC., a California         2. **DISABILITY HARASSMENT;**
    Corporation; and DOES 1 through 25,   3. **FAILURE TO ACCOMMODATE**
13  Inclusive,                               **DISABILITY;**
14                                        4. **FAILURE TO ENGAGE IN THE**
               Defendants.                   **INTERACTIVE PROCESS OF**
15                                           **ACCOMMODATION OF A**
                                             **DISABILITY;**
16                                        5. **FAILURE TO PREVENT,**
                                             **CORRECT, OR REMEDY**
17                                           **DISCRIMINATION AND**
                                             **HARASSMENT;**
18                                        6. **RETALIATION FOR**
                                             **COMPLAINTS OF**
19                                           **DISCRIMINATION AND**
                                             **HARASSMENT;**
20                                        7. **WRONGFUL TERMINATION;**
                                          8. **VIOLATION OF LABOR CODE §**
21                                           **1198.5; and**
                                          9. **VIOLATION OF LABOR CODE §**
22                                           **226.**
23
                                         DEMAND FOR JURY TRIAL
24

25

26

27

28

                                    1
                               COMPLAINT

1

**TABLE OF CONTENTS**

2
                                                                                                    **Page**
3    PARTIES ............................................................................................................4

4    EXHAUSTION OF ADMINISTRATIVE REMEDIES ........................................4

5    GENERAL ALLEGATIONS .............................................................................5

6    FIRST CAUSE OF ACTION ............................................................................9

7         DISABILITY DISCRIMINATION AGAINST DEFENDANT AFFINITIV AND DOES
          1 – 25 ...........................................................................................................9

8    SECOND CAUSE OF ACTION .......................................................................10

9         DISABILITY HARASSMENT AGAINST DEFENDANT AFFINITIV AND DOES 1 –
          25 ...............................................................................................................10

10   THIRD CAUSE OF ACTION ...........................................................................11

11        FAILURE TO ACCOMMODATE DISABILITY AGAINST DEFENDANT AFFINITIV
          AND DOES 1 – 25 ........................................................................................11

12   FOURTH CAUSE OF ACTION ........................................................................12

13        FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION
14        OF A DISABILITY AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25..........12

15   FIFTH CAUSE OF ACTION .............................................................................13

16        FAILURE TO PREVENT, CORRECT, OR REMEDY DISCRIMINATION AND
          HARASSMENT AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25 ...............13

17   SIXTH CAUSE OF ACTION ............................................................................15

18        RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT
19        AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25 ..........................................15

20   SEVENTH CAUSE OF ACTION .......................................................................15

21        WRONGFUL TERMINATION AGAINST DEFENDANT AFFINITIV AND DOES 1 –
          25 ...............................................................................................................15

22   EIGHTH CAUSE OF ACTION ..........................................................................16

23        VIOLATION OF LABOR CODE § 1198.5 AGAINST AFFINITIV AND DOES 1 – 25
          ...................................................................................................................16

24   NINTH CAUSE OF ACTION ............................................................................16

25        VIOLATION OF LABOR CODE § 226 AGAINST AFFINITIV AND DOES 1 – 25....16

26   PRAYER FOR RELIEF ...................................................................................17

27   DEMAND FOR JURY TRIAL ...........................................................................17

28

2

---

# TABLE OF AUTHORITIES

Page

### *Statutes*

Civil Code § 3294 .............................................................................................passim

Government Code § 12926(c) ....................................................................9, 10, 11, 13

Government Code § 12940(a) and (c) .........................................................................11

Government Code § 12940(a) and (c) .........................................................9, 10, 11, 13

Government Code § 12940(h) ....................................................................................15

Government Code § 12940(j) .....................................................................................15

Government Code § 12940(k) ....................................................................................14

Labor Code § 1198.5 ...........................................................................................passim

Labor Code § 226 .......................................................................................12, 47, 49

3

COMPLAINT

1    Plaintiff AL MERIA ROBERTS, by and through her counsel, claims and alleges as

2   follows:

3                              **PARTIES**

4    1.      Plaintiff AL MERIA ROBERTS (hereinafter "Plaintiff") is an individual, who, at

5   all times relevant to this action, resided in the County of Los Angeles, State of California.

6    2.      Plaintiff is informed, believes, and thereupon alleges that Defendant AFFINITIV,

7   INC. (hereinafter "Defendant AFFINITIV") is a California Corporation, lawfully doing substantial

8   business in the County of Los Angeles, State of California and was Plaintiff's employers at all

9   times relevant herein since they bought out Calabasas, CA based company Peak Performance.

10   3.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

11   associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 25,

12   inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names.

13   Plaintiff is informed, believes, and thereupon alleges that each of the Defendant Does 1 through

14   25, inclusive, is and was in some manner responsible for, participated in, or contributed to the

15   matters and things of which Plaintiff complains herein, and in some fashion, has legal

16   responsibility therefore.  When Plaintiff ascertains the names and capacities of the fictitiously

17   named Defendant Does 1 through 25, inclusive, Plaintiff will seek leave to amend this Complaint

18   to set forth such facts.

19   4.      Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at

20   all times relevant herein was, the agent of his, her, or its co-defendants, and in committing the acts

21   alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the

22   knowledge, permission, and consent of his, her, or its co-defendants.

23                 **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24   5.      Plaintiff timely filed a charge of discrimination with the California Department of

25   Fair Employment and Housing ("DFEH"). The DFEH issued a Right-to-Sue Notice. Accordingly,

26   Plaintiff has timely exhausted her administrative remedies. A true-and-correct copy of Plaintiff's

27   Right-to-Sue Notice is attached to this complaint as **Exhibit A**.

28   6.      Any and all other prerequisites to the filing of this suit have been met.

4

**COMPLAINT**

## GENERAL ALLEGATIONS

7.      By this reference, Plaintiff alleges and incorporates herein each and every allegation set forth in all previous paragraphs of the Complaint.

8.      In or around February 2013, Plaintiff began working for PEAK PERFORMANCE as a senior inside Sales Representative.

9.      In or around 2016, Defendant AFFINITIV acquired PEAK PERFORMANCE and became Plaintiff's employer.

10.     Throughout her employment at AFFINITIV, Plaintiff performed her duties in a fully successful manner. Plaintiff had never been a subject to any disciplinary action and/or write ups.

11.     In or around 2018, subsequent to Defendant AFFINITIV's decision to relocate its principle business location to the State of Chicago, they laid-off their employees in California with the exclusion of Plaintiff. As one of the top performing sales representatives, Plaintiff was offered to continue her employment by allowing her to work remotely.

12.     To induce Plaintiff to accept the new employment arrangement, Defendants promised to offer her all the necessary trainings. Defendants assured Plaintiff that they would provide her the same assistance extended to the Chicago employees. Acting on such assurances and promises, Plaintiff accepted the Defendant's offer.

13.     Shortly after Plaintiff started working remotely, however, she noticed the lack of proper communications with the Defendants, as well as the ineffective training conferences.

14.     Plaintiff was not given an equal access to the training conference calls as the rest of the Chicago sales team. While Plaintiff was deprived of the same level of assistance given to her counterparts from Chicago team, she was expected to maintain the same sales quota assigned to them.  Often, Plaintiff was not made aware of the scheduled trainings.

15.     Subsequently, Plaintiff complained to Defendants about the inefficiencies and limitations she endured. However, Plaintiff's repeated complaints were ignored. As a result thereof, Plaintiff started suffering severe stress, depression, and sleep deprivation, among others.

16.     On or about August 7, 2018, following her doctor's visit, Plaintiff was diagnosed

5
**COMPLAINT**

1   depression and anxiety caused by work-related stress was subsequently placed on a medical leave.

2       17.   On August 8, 2018, Lauren McCracken ("Ms. McCracken"), Vice President of

3   Sales at Defendant Affinitiv, sent an email urging the company to fire Al-Meria, immediately, for

4   taking a medical leave.

5       18.   On or about August 20, 2018, Plaintiff submitted a doctor's note to Defendant's

6   Human Resources indicating a need to extend her medical leave due to her serious condition. Later

7   that day, Ms. McCracken sent another email pushing for Plaintiff to be issues a retaliatory

8   performance improvement plan ("PIP"). At the time, Plaintiff was one of the top-two performing

9   sales representatives in her department.

10       19.   On or around August 25, 2018, Plaintiff returned to work to find she was being

11   excluded from important training conferences and meetings.

12       20.   On September 18, 2018, Plaintiff submitted a medical leave notification to

13   Defendant's HR Manager at the time, Lana Fender, indicating her extended medical leave.

14       21.   Subsequently, Plaintiff applied for and was approved for disability short-

15   term disability insurance.

16       22.   At all times relevant, Defendants were well aware of Plaintiff's condition because

17   Plaintiff, through her doctor, submitted to Defendant's HR all relevant documents pertaining to

18   Plaintiff's medical condition in a timely manner. Defendants also knew that Plaintiff intended to

19   return to work as soon as her doctor would authorize her return.

20       23.   To Plaintiff's dismay, Defendant's new HR Manager, Tracy Hedgpath ("Ms.

21   Hedgpath"), continued to interfere with Plaintiff's medical leave of absence with the seemingly

22   sole purpose of harassing her. Ms. Hedgpath claimed that correspondence with Plaintiff's doctor

23   would be against HIPAA laws; thus, she was adamant to communicate with Plaintiff directly

24   despite knowledge of Plaintiff's susceptibility to emotional distress.

25       24.   On February 21, 2019, Plaintiff, through her doctor, Dr. Williams, sent an email to

26   Ms. Fender with a medical note indicating Plaintiff's extended medical leave of absence, and an

27   estimated return to work on April 8, 2019. As specified in the said email, Plaintiff suffered major

28   depressive disorder, severe with anxious distress.

25.    On February 25, 2019, Plaintiff received an email from Ms. Hedgpath. To Plaintiff's surprise, Ms. Hedgpath claimed that she had been trying to get in touch with Plaintiff for months. Also, despite receiving the document a mere four days earlier, Ms. Hedgpath claimed that the last medical note she submitted to Ms. Fender "months ago" indicated a return to work date on February 26, 2019.

26.    Later that day, Plaintiff contacted Ms. Hedgpath to discuss her email. During the phone call, Plaintiff reiterated that she applied for and was approved for disability in September 2018.

27.    On February 26, 2019, Plaintiff, through her doctor, sent to Ms. Hedgpath the same medical note indicating Plaintiff's extended medical leave. Thereafter, Ms. Hedgpath sent another email to Plaintiff, stating that "[she] cannot accept a doctor's note." Ms. Hedgpath maintained that she needed papers from EDD. Ms. Hedgpath stated that Plaintiff must submit the EDD documents by February 28, 2019, "or [her] benefits will terminate on March 1, 2019." Ms. Hedgpath email caused unwarranted pressure on Plaintiff, as she continued to blame Plaintiff for the short deadline due to her alleged failure to return phone calls.

28.    On or about February 27, 2019, Dr. Williams sent an email to Ms. Hedgpath, specifically introducing herself as Plaintiff's psychologist. In her email, Dr. Williams assured Ms. Hedgpath that she would personally submit the requested EDD paperwork of Plaintiff.

29.    On February 28, 2019, Plaintiff received an email from Ms. Hedgpath stating that "[she] cannot communicate with Plaintiff's doctor due to HIPAA laws." Again, Ms. Hedgpath was well aware of Plaintiff's condition, but she insisted that Plaintiff should communicate with her directly. Ms. Hedgpath's emails were particularly stressing to Plaintiff as the threatening and provocative tone of her emails were evident. Although Plaintiff's doctor's regularly sent emails to Defendants updating them about Plaintiff's condition, Ms. Hedgpath clearly implied that Plaintiff was being "irresponsible" for her alleged failure to return Ms. Hedgpath's communications.

30.    On March 3, 2019, Plaintiff, through her doctor, submitted a copy of EDD paperwork to Ms. Hedgpath.

31.    On April 6, 2019, Plaintiff, through her doctor, sent another email to Ms. Hedgpath,

indicating Plaintiff's extended medical leave until June 11, 2019.

32.    On or about April 8, 2019, Plaintiff personally sent Ms. Hedgpath the EDD documentation. In response, Ms. Hedgpath claimed that the documentations were improper. Ms. Hedgpath then referred Plaintiff to enroll in COBRA in lieu of the disability insurance. Ms. Hedgpath maintained that Plaintiff had 60 days from February 18, 2019 to enroll in COBRA benefits.

33.    Soon thereafter, Plaintiff contacted the EDD requesting additional paperwork to satisfy Ms. Hedgpath's demands. The EDD agent informed Plaintiff that they had already provided all the necessary documentation to Defendants.

34.    On or about April 29, 2019, Plaintiff sent an email to Ms. Hedgpath asking for clarifications on the required EDD documentations. Plaintiff expressed that she, along with the EDD personnel, was confused as to the type of EDD documents that Ms. Hedgpath specifically required. Plaintiff then requested for a specific "title and description of the required documents" so that she could effectively respond to her.

35.    Later that day, Ms. Hedgpath responded to Plaintiff's email, in which she claimed that Plaintiff was contradicting their earlier conversation about the need to submit COBRA paperwork. Thereafter, Ms. Hedgpath claimed that they need not require any paperwork from Plaintiff since "[she] was no longer employed at AFFINITIV." Ms. Hedgpath made it appear as if Plaintiff voluntarily agreed to the termination of her employment.

36.    Ultimately, Plaintiff's employment with Defendant AFFINITIV was unlawfully terminated without real, substantial, and compelling reason.

37.    Due to Plaintiff's sudden and wrongful termination, Plaintiff has suffered, and continues to suffer, severe emotional distress, including, but not limited to, emotional distress, anxiety, and mental suffering.

38.    Subsequent to Plaintiff's termination, Defendant AFFINITIV failed to produce Plaintiff's personnel records and itemized statements, despite formal requests, for over 13 months.

## FIRST CAUSE OF ACTION

**DISABILITY DISCRIMINATION AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25**

39.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

40.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit disability discrimination in employment.

41.     Defendant AFFINITIV was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

42.     Defendant AFFINITIV has discriminated against Plaintiff on the basis of her disability in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes, by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

43.     As a result of Defendant AFFINITIV'S unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

44.     As more fully set forth above, the disability discrimination by Defendant AFFINITIV was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive

1   or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

2   **SECOND CAUSE OF ACTION**

3   **DISABILITY HARASSMENT AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25**

4   45.   Plaintiff alleges and incorporates herein by this reference each and every allegation

5   set forth in all previous paragraphs of the Complaint.

6   46.   Plaintiff was at all times hereto an "employee" within the meaning of California

7   Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit

8   disability harassment in employment.

9   47.   Defendant AFFINITIV was at all material times an "employer" within the meaning

10   of California Government Code § 12926(d) and California Government Code § 12940(a) and (c)

11   and, as such, was barred from harassing and discriminating in employment decisions on the basis

12   of disability possessed or thought to be possessed by an employee, as set forth in California

13   Government Code § 12940.20.

14   48.   Defendants harassed Plaintiff on the basis of disability, in violation of California

15   Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes

16   by engaging in the course of conduct more fully set forth in the General Allegations stated above.

17   49.   As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered

18   (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past

19   and future earnings and employment benefits and opportunities; all on account of which Plaintiff

20   is entitled to compensatory damages. The amount and nature of such damages exceed the

21   jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

22   to amend this Complaint upon ascertaining such information, or will prove the same at the time of

23   trial.

24   50.   As more fully set forth above, the disability harassment by Defendant was

25   committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

26   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

27   to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice,

28   as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

1   damages in an amount sufficient to punish and make an example out of Defendants.

2   **THIRD CAUSE OF ACTION**

3   **FAILURE TO ACCOMMODATE DISABILITY AGAINST DEFENDANT AFFINITIV**

4   **AND DOES 1 – 25**

5       51.    Plaintiff alleges and incorporates herein by this reference each and every allegation
6   set forth in all previous paragraphs of the Complaint.

7       52.    Plaintiff at all times hereto was an "employee" within the meaning of California
8   Government Code § 12926(c) and California Government Code § 12940 (a) and (c), which prohibit
9   disability/medical condition harassment/discrimination in employment.

10      53.    Defendant AFFINITIV was at all material times an "employer" within the meaning
11  of California Government Code §12926(d) and California Government Code §§12940(a) and (c),
12  and, as such, was barred from harassing/discriminating against Plaintiff on the basis of disability,
13  perceived disability, or medical condition possessed or thought to be possessed by an employee,
14  as set forth in California Government Code §12940.

15      54.    At the time of Plaintiff's employment with Defendant AFFINITIV, she was
16  suffering from a condition that substantially limits her major life activities.

17      55.    Despite having knowledge of Plaintiff's condition, Defendant AFFINITIV failed
18  to provide Plaintiff with a reasonable accommodation for the above condition.

19      56.    As a proximate result of Defendant AFFINITIV'S failure to accommodate
20  Plaintiff's known health conditions, Plaintiff has suffered (a) humiliation, serious mental anguish,
21  and emotional and physical distress; and (b) loss of past and future earnings, and employment
22  benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages.
23  The amount and nature of such damages exceed the jurisdictional limits of this court, but are
24  presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon
25  ascertaining such information, or will prove the same at the time of trial.

26      57.    As more fully set forth above, Defendant AFFINITIV's failure to accommodate
27  Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly,
28  oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent

1   to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such

2   acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294.

3   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

4   and make an example out of Defendant.

5                              **FOURTH CAUSE OF ACTION**

6   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION**

7       **OF A DISABILITY AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25**

8           58.    Plaintiff alleges and incorporates herein by this reference each and every allegation

9   set forth in all previous paragraphs of the Complaint.

10          59.    Plaintiff was at all times hereto an "employee" within the meaning of California

11  Government Code § 12926(c) and California Government Code §§12940(a) and (c), which

12  prohibit disability/medical condition harassment/discrimination in employment.

13          60.    Defendant AFFINITIV was at all material times an "employer" within the meaning

14  of California Government Code §12926(d) and California Government Code § 12940(a) and (c)

15  and, as such, was barred from harassment/discrimination of Plaintiff on the basis of disability,

16  perceived disability, or medical condition possessed or thought to be possessed by an employee,

17  as set forth in California Government Code §12940.

18          61.    At the time of Plaintiff's employment with Defendant AFFINITIV, she was

19  suffering from a condition that substantially limits her major life activities.

20          62.    Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for

21  a reasonable accommodation, Defendant AFFINITIV failed to engage in a timely, good faith,

22  interactive process with Plaintiff to determine effective reasonable accommodations in violation

23  of California Government Code §12940(n).

24          63.    As a result of Defendant AFFINITIV' failure to engage in the interactive process

25  of accommodation of her known disabilities, Plaintiff has suffered and continues to suffer (a)

26  substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss

27  of past and future earnings, and employment benefits and opportunities, on account of which

28  Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages

1  exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either

2  seek leave to amend this Complaint upon ascertaining such information, or will prove the same at

3  the time of trial.

4      64.  As more fully set forth above, Defendant AFFINITIV' failure to engage in the

5  interactive process to accommodate Plaintiff's known disabilities was committed intentionally,

6  maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's

7  rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries

8  sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in

9  California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in

10  an amount sufficient to punish and make an example out of Defendant.

11  **FIFTH CAUSE OF ACTION**

12  **FAILURE TO PREVENT, CORRECT, OR REMEDY DISCRIMINATION AND**

13  **HARASSMENT AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25**

14      65.  Plaintiff alleges and incorporates herein by this reference each and every allegation

15  set forth in all previous paragraphs of the Complaint.

16      66.  Defendant AFFINITIV failed to take all reasonable steps to prevent Plaintiff's

17  harassment from occurring, in violation of California Government Code § 12940(k), by engaging

18  in the course of conduct set forth in the General Allegations and all paragraphs stated above,

19  amongst other things.

20      67.  Specifically, Defendant AFFINITIV failed to take any meaningful preventative

21  action against those managers, supervisors and employees who were harassing Plaintiff or enabling

22  others to discriminate against and harass Plaintiff.  If Defendant AFFINITIV has a written policy

23  addressing the issue of disability harassment, the policy is not enforced and is consistently

24  disregarded.

25      68.  As a result of Defendant AFFINITIV'S failure to prevent the unlawful harassment

26  of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental

27  anguish, emotional and physical distress, (b) loss of past and future earnings, and employment

28  benefits and opportunities, which Plaintiff is entitled to as compensatory damages.  The exact

13
**COMPLAINT**

1 | amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

2 | unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

3 | information or will prove the same at the time of trial.

4 |       69.    As more fully set forth above, Defendant AFFINITIV's failure to prevent the

5 | unlawful harassment was intentional, malicious, wanton, oppressive and fraudulent, with

6 | conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy

7 | Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil

8 | Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount

9 | sufficient to punish and make an example out of Defendant.

10 |       70.    Defendant AFFINITIV failed to take all reasonable steps to correct and remedy the

11 | harassment of Plaintiff, in violation of California Government Code § 12940(j), by engaging in

12 | the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst

13 | other things.

14 |       71.    Specifically, during the course of this misconduct, Defendant AFFINITIV failed to

15 | take immediate and appropriate corrective action to remedy the discrimination of Plaintiff by

16 | employees who were harassing Plaintiff or enabling others to harass Plaintiff.

17 |       72.    As a result of Defendant AFFINITIV's failure to correct or remedy the unlawful

18 | discrimination and harassment of Plaintiff, Plaintiff has suffered and continues to suffer from (a)

19 | substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past

20 | and future earnings, employment benefits and opportunities Plaintiff is entitled to as compensatory

21 | damages. The exact amount and nature of such damages exceed the jurisdictional limits of this

22 | court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

23 | upon ascertaining such information or will prove the same at the time of trial.

24 |       73.    As more fully set forth above, Defendant AFFINITIV's failure to correct or remedy

25 | the unlawful discrimination and harassment was intentional, malicious, wanton, oppressive and

26 | fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish

27 | and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of

28 | California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in

1    an amount sufficient to punish and make an example out of Defendant.

2    ## SIXTH CAUSE OF ACTION

3    ## RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT

4    ## AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25

5    74.    Plaintiff re-alleges and incorporates herein by this reference each and every

6    allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

7    75.    In violation of California Government Code § 12940(h), Defendants retaliated

8    against Plaintiff by terminating Plaintiff's employment after she/he reported the seemingly

9    increasing events of discrimination and harassment against her/his, as more fully set forth in the

10    General Allegation and all paragraphs stated above, among other things.

11    76.    As a direct and proximate result of Defendants' retaliatory actions against Plaintiff,

12    Plaintiff suffered and continues to suffer substantial (a) humiliation, serious mental anguish and

13    emotional and physical distress; and (b) loss of past and future wages, and employment benefits

14    and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact

15    amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown

16    to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information,

17    or will prove the same at the time of trial.

18    77.    As more fully set forth above, Defendants' retaliatory actions were willful, wanton,

19    malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff,

20    within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or

21    exemplary damages in an amount sufficient to punish and make an example of Defendant.

22    ## SEVENTH CAUSE OF ACTION

23    ## WRONGFUL TERMINATION AGAINST DEFENDANT AFFINITIV AND DOES 1 – 25

24    78.    Plaintiff re-alleges and incorporates herein by this reference each and every

25    allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

26    79.    Defendants violated the Fair Employment and Housing Act (FEHA), California

27    Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment because of

28    her disability.

80.    The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

81.    As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

82.    As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 1198.5 AGAINST AFFINITIV AND DOES 1 – 25

83.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

84.    Plaintiff first formally requested production of her personnel records, on May 9, 2019. They were not produced until July 8, 2020..

85.    Defendants failed to provide inspection of the records governed by § 1198.5 in the statutorily allotted timeframe. Plaintiff, through her counsel, was forced to request these documents multiple times.

86.    As a result, Plaintiff seeks to recover the full amount allowed under this Labor Code.

## NINTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226 AGAINST AFFINITIV AND DOES 1 – 25

87.    Plaintiff alleges and incorporates herein by this reference each and every allegation

1   set forth in all previous paragraphs of the Complaint.

2       88.    Plaintiff first formally requested production and or inspection of itemized

3   statements, on May 9, 2019. They were not produced until July 8, 2020.

4       89.    Defendants failed to provide inspection of the records governed by § 226 in the

5   statutorily allotted timeframe. Plaintiff, through her counsel, was forced to request these

6   documents multiple times.

7       90.    As a result, Plaintiff seeks to recover the full amount allowed under this Labor

8   Code.

9                              **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

11  follows:

12      1.     Compensatory and actual damages in an amount to be proven at the time of trial;

13      2.     For costs of the suit incurred herein;

14      3.     For punitive and exemplary damages in an amount to be proven at the time of

15             trial;

16      4.     For reasonable attorneys' fees under the California Labor Code and all related

17             statutes, including California Government Code § 12965(b); and Cal. Code of

18             Civil Procedure § 1021;

19      5.     For pre- and post-judgment interest at the prevailing statutory rates;

20      6.     A declaratory judgment that the practices complained of in this Complaint are

21             unlawful under California law;

22      7.     An injunction against Defendants, their officers, agents, successors, employees,

23             representatives, and any and all person acting in concert with them from engage in

24             each of the practices complained of in this Complaint; and

25      8.     For such other relief as the court may deem proper.

26

27                             **DEMAND FOR JURY TRIAL**

28  Plaintiff hereby demands a jury trial for the causes of action set forth herein.

                                    17
                                 COMPLAINT

Dated: December 7, 2020

MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION

By: _____
CORY D. GOULD, ESQ.,
Attorney for Plaintiff, *Al Marra Roberts*

18
COMPLAINT

EXHIBIT A



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 28, 2020

Rodney Mesriani
510 Arizona Ave.
Santa Monica, California 90401

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202002-09430928
       Right to Sue: ROBERTS / AFFINITIV, INC. et al.

Dear Rodney Mesriani:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 28, 2020

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202002-09430928
Right to Sue: ROBERTS / AFFINITIV, INC, et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency.                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 28, 2020

AL MERIA ROBERTS
7657 Winnetka Ave.  #277
Winnetka, California 91306

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202002-09430928
       Right to Sue: ROBERTS / AFFINITIV, INC. et al.

Dear AL MERIA ROBERTS,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
February 28, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
AL MERIA ROBERTS                                    DFEH No. 202002-09430928

                          Complainant,

vs.

AFFINITIV, INC.
300 S. Wacker Dr. Suite 900
Chicago, Illinois 60606

TRACY HEDGPETH

                          Respondents

---

1. Respondent **AFFINITIV, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **AL MERIA ROBERTS**, resides in the City of **Winnetka** State of **California.**

3. Complainant alleges that on or about **April 29, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or

-1-
Complaint – DFEH No. 202002-09430928

Date Filed: February 28, 2020

fmla (employers of 50 or more people) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other.

**Additional Complaint Details:** The Complainant was denied of a work environment free from discrimination and harassment because of her disability. She was differentially treated than similarly-situated non-disabled employees. At all times relevant, Affinitiv, Inc. et al. failed to prevent, correct, and/or remedy the Complainant's situation despite her complaints. Instead, she was retaliated against for complaining about the harassment as well as for requesting accommodations. The Complainant was ultimately wrongfully terminated because of her disability, and complaints of harassment, among others.

-2-
Complaint – DFEH No. 202002-09430928

Date Filed: February 28, 2020

VERIFICATION

I, **Rodney Mesriani**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 28, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**

-3-

Complaint – DFEH No. 202002-09430928

Date Filed: February 28, 2020

Electronically FILED by Superior Court of California, County of Los Angeles on 12/10/2020 02:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Cory D. Gould (SBN 329550)<br>510 Arizona Ave,<br>Santa Monica, CA 90401<br><br>TELEPHONE NO.: 310-826-6300    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Al Meria Roberts | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
AL MERIA ROBERTS v. AFFINITIV, INC.; AND DOES 1 THROUGH 25, INCLUSIVE

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited**<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 7, 2020

Cory D. Gould
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

| SHORT TITLE: ROBERTS v. AFFINITIV, INC.; et al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: ROBERTS v. AFFINITIV, INC.; et al | CASE NUMBER |
|---|---|

| | | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | | ☐ A6032  Quiet Title | 2, 6 |
| | | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: ROBERTS v. AFFINITIV, INC.; et al | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: ROBERTS v. AFFINITIV, INC.; et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 26025 Mureau Rd. Calabasas, CA 91302 |
|---|---|

| CITY: Calabasas | STATE: CA | ZIP CODE: 91302 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>12/07/2020</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/10/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV47289 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Mark V. Mooney | 68 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 12/10/2020
(Date)

By D. Williams _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Corina Albino

2020-SJ-002-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: <br> ) <br> ) FIRST AMENDED STANDING ORDER <br> ) RE:  PERSONAL INJURY PROCEDURES <br> ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____ AT 10:00 A.M.

**TRIAL:**

DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

2020-SJ-002-00

1.        To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐ A7260 Product Liability (not asbestos or toxic/environmental)

☐ A7210 Medical Malpractice – Physicians & Surgeons

☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐ A7250 Premises Liability (e.g., slip and fall)

☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

2020-SJ-002-00

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)).  In selecting a new trial date,

2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3  may submit a maximum of two stipulations to continue trial, for a total continuance of six

4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.    The PI Courts do not conduct case management conferences.  The parties need not file a

9  Case Management Statement.

10 **LAW AND MOTION**

11 8.    Any and all electronically-filed documents must be text searchable and bookmarked.

12 (*See* operative General Order re Mandatory Electronic Filing in Civil).

13 **COURTESY COPIES REQUIRED**

14 9.    Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15 copies of certain documents must be submitted directly to the PI Court courtrooms at the

16 Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18 or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19 documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20 deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21 (C.R.C. Rule 3.1116(c)).

22 **RESERVATION HEARING DATE**

23 10.   Parties must reserve hearing dates for motions in the PI Courts using the Court

24 Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25 reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26 the reservation receipt number printed on the face page of the document under the caption and

27 attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28 online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

2020-SJ-002-00

Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not needlessly prepare tentative rulings for these matters.

**DISCOVERY MOTIONS**

12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.

If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely.   However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

**Page 5 of 7**

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   that complies with the notice requirements of the Code of Civil Procedure.

2   14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3   www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4   in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5   must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6   LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7   as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8   forth that party's response, at least ten court days prior to the IDC.

9   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10   resolve other types of discovery disputes.

11   **EX PARTE APPLICATIONS**

12   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15   ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16   applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18   danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19   relief, the moving party should reserve the earliest available motion hearing date (even if it is

20   after the scheduled trial date) and file a motion to continue trial. Parties should also check

21   CRS from time to time because earlier hearing dates may become available as cases settle or

22   hearings are taken off calendar.

23   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24   17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25   Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26   Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27   website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28   is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

**Page 6 of 7**

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.    Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.    The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Lorena Albino

2020-SJ-004-00

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) THIRD AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective January 13, 2020) ) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

    **(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

    **(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

    **DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2  and 5) the Court's ruling.

3  **3.      EVIDENTIARY EXHIBITS**

4  The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5  the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6  organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7  witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9  have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences.  In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15  The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19       Tab A:          Trial Briefs (Optional)

20       Tab B:          Motions in Limine

21       Tab C:          Joint Statement to Be Read to the Jury

22       Tab D:          Joint Witness List

23       Tab E:          Joint List of Jury Instructions (identifying the agreed upon and contested

24                  instructions)

25       Tab F:          Joint and Contested Jury Instructions

26       Tab G:          Joint and/or Contested Verdict Form(s)

27       Tab H:          Joint Exhibit List

28

1    Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and
2                 Former Testimony
3    Tab J:       Copies of the Current Operative Pleadings (including the operative complaint,
4                 answer, cross-complaint, if any, and answer to any cross-complaint).
5         The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab
6    B with the opposition papers and reply papers for each motion placed directly behind the moving
7    papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon
8    instructions first in order followed by the contested instructions (including special instructions)
9    submitted by each side.

10   **5.    FAILURE TO COMPLY WITH FSC OBLIGATIONS**

11        The court has discretion to require any party/counsel who fails or refuses to comply with this
12   Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary
13   and/or issue sanctions (including the entry of a default or the striking of an answer).

16   Dated:  _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 5 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
    Kateria Albano

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

2020-SJ-003-00

1    opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2    addresses for the PI courtrooms can be found on the Court's website at

3    www.lacourt.org, under *"Division"* go to *"Civil"*, then go to *"General Jurisdiction*

4    *PI Court"* then click on *"PI Courtroom Email Addresses"*.  CAALA will forward

5    the mandatory settlement conference statements to the settlement attorneys.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5. Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                  (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date: _____

_____    ➤ _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                          Page 1 of 3

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____        ➤  _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____                 _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____                 _____
                                                                                    JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  Only MCLA provides mediation in person, by phone and by video conference

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.ResList for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and at the Spring Street Courthouse, limited civil.
  Free day of trial mediations at the courthouse. No appointment needed.
  Free or low cost mediations before the day of trial.
  For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2021 05:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  Frank E. Melton (SBN 94134)
   Frank.Melton@jacksonlewis.com
2  Heidy A. Flores (SBN 298926)
   Heidy.Flores@jacksonlewis.com
3  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
5  Facsimile:   (213) 689-0430

6  Attorneys for Defendant
   AFFINITIV, INC.

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  AL MERIA ROBERTS, an individual,        **CASE NO.  20STCV47289**

12              Plaintiff,                   [Case *Assigned for All Purposes to the*
                                             *Hon. Mark V. Mooney Department 68*]
13              vs.

14  AFFINITIV, INC., a Delaware Corporation and   **DEFENDANT'S ANSWER TO PLAINTIFF'S**
    DOES 1-25, inclusive,                         **COMPLAINT FOR DAMAGES**
15
                Defendants.
16                                           Complaint Filed:  December 10, 2020

17

18

19

20

21        Defendant AFFINITIV, INC., a Delaware corporation ("Defendant"), answers the unverified

22  complaint filed by Plaintiff AL MERIA ROBERTS ("Plaintiff") as follows:

23                              **GENERAL DENIAL**

24        Under California Code of Civil Procedure § 431.30(d), Defendant denies, generally and

25  specifically, each and every allegation contained in the Complaint and denies that Plaintiff has suffered

26  any injury or been damaged in any sum whatsoever.

27  ///

28

                                            1

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Defendant alleges the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Defendant alleges the causes of action set forth in the Complaint, and each of them, are barred by the applicable statutes of limitations, including without limitation sections 335.1, 337, 338, 339, 340 and 343 of the California Code of Civil Procedure and sections 12960 and 12965 of the California Government Code.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

3.     To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery, or her recovery of damages is limited, based on such after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

4.     Recovery on Plaintiff's Complaint is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any event for legitimate, non-discriminatory and non-retaliatory business reasons.  *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5.     Plaintiff's causes of action asserted under the California Fair Employment & Housing Act

(the "FEHA") are barred to the extent that Plaintiff did not file a complaint with the California Department of Fair Employment & Housing and/or receive a right to sue letter as to the specific acts of discrimination sued upon, and thus failed to exhaust her administrative remedies under the FEHA.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.     To the extent Plaintiff alleges violations of the FEHA, which alleged violations Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to utilize such available preventive and corrective measures, and reasonable use of such preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. *See State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

7.     Defendant alleges that the conduct by Defendant was at all times lawful, justified and/or privileged under California law and for valid, legitimate business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

8.     Defendant exercised reasonable care to prevent and correct promptly any and all alleged discriminatory behavior in that Defendant at all relevant times had written policies prohibiting discrimination that were communicated to all employees and strictly enforced.

## NINTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

9.     Recovery for any damages Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.     Defendant alleges that even if Plaintiff has suffered damages or injuries, all or some portion

of such damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate the alleged injuries or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands and Estoppel)

11. Defendant alleges that Plaintiff is barred from any relief by the equitable doctrines of unclean hands and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12. Defendant alleges that it is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

13. Defendant alleges that the causes of action asserted in Plaintiff's Complaint are barred to the extent that the actions or failure to act by Plaintiff contributed entirely, or at least in some degree, to her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

14. Defendant alleges Plaintiff has no basis for claiming malice, oppression or fraud or any other basis needed to seek punitive damages under the requirements of California Civil Code § 3294.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

15. Defendant engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure §128.7 and California Government Code §12965 upon judgment thereon in Defendant's favor.

///

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

16.    To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code § 3200, *et seq.*

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

17.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent that accommodation of Plaintiff's alleged disability would have imposed an undue hardship upon Defendant.

**EIGHTTEENTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

18.    Plaintiff's Complaint, and each purported cause of action alleged therein, is subject to binding arbitration, and accordingly this entire action should be resolved by binding arbitration and it should be stayed pending resolution of the arbitration pursuant to the arbitration agreement between the parties.


Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable.  Accordingly, Defendant reserves the right to seek leave to amend or add additional affirmative defenses that later may become known to Defendant.

///
///
///
///
///

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing herein;

2. That the action be dismissed in its entirety and/or judgment be entered in Defendant's favor against Plaintiff;

3. For reasonable attorneys' fees pursuant to California Government Code § 12965;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated:  January 13, 2021                    JACKSON LEWIS P.C.


By:_____
     Frank E. Melton
     Heidy A. Flores

     Attorneys for Defendant AFFINITIV, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3    **CASE NAME:**      **AL MERIA ROBERTS v. AFFINITIV, INC.**

4    **CASE NUMBER:**    **20STCV47289**

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not
     a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles,
6    California 90017.

7        On **January 13, 2021**, I served the foregoing document described as:

8        **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

9    in this action by placing true copy thereof enclosed in a sealed envelope addressed as follows:

10                              Cory Gould
                               Rodney Mesriani
11                             Brandon Chang
                            MESRIANI LAW GROUP, PLC
12                             510 Arizona Avenue
                             Santa Monica, CA  90401
13                           Telephone:  (310) 826-6300
                             Facsimile:  (310) 820-1258
14

15                            Attorneys for Plaintiff
                              AL MERIA ROBERTS
16

17   **[XX]   BY E-MAIL OR ELECTRONIC TRANSMISSION**

18       Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic
     transmission, I caused the document(s) described above to be sent from e-mail address
19   Klodya.Casas@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive,
     within a reasonable time after the transmission, any electronic message or other indication that the
20   transmission was unsuccessful.

21   **[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.
22
         Executed on January 13, 2021at Los Angeles, California.
23

24
                                         _____
25                                            *Klodya Casas*
                                             KLODYA CASAS
26   4832-2083-9382, v. 1

27

28

---

7